UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____

**JACLYN SALVATORE**, individually         )
and on behalf of all others similarly situated,  )
                                           )
            Plaintiff,                     )
                                           )
v.                                         ) C.A. NO. 14-CV-00220-S-PAS
                                           )
**NORTHLAND GROUP INC.** and               )
**LVNV FUNDING LLC**                       )
                                           )
            Defendants.                    )
_____

### PLAINTIFF JACLYN SALVATORE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT LVNV FUNDING LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiff, Jaclyn Salvatore (hereafter also referred to as "Salvatore" or "Plaintiff"), individually and on behalf of a class of similarly situated consumers (hereafter also referred to as "Class") as a putative class action representative plaintiff for Plaintiff's Class Action Complaint (hereafter also referred to as "Complaint") against LVNV Funding LLC (hereafter also referred to as "LVNV" or "Defendant") and Northland Group Inc., hereby opposes Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (hereafter also referred to as "Motion") and Defendant's Memorandum in Support of Defendant's Motion (hereafter also referred to as "Memo"), and in support respectfully submits the following:

### INTRODUCTION

Plaintiff complains of Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereafter also referred to as "FDCPA"), resulting from Defendant's attempt to collect from the Plaintiff, through a debt collection letter (hereafter also

1

referred to as "dunning letter"), defaulted consumer telecommunication services debt relating to consumer purchases primarily for family, personal or household purposes (hereafter also referred to as "Debt") and from Defendant's attempts to collect from the Class, through debt collection letters (hereafter also referred as "dunning letters"), defaulted telecommunication services debt relating to consumer purchases primarily for family, personal or household purposes (hereafter also referred to as "Debts"), by threatening to illegally add interest to the Debt owed by the Plaintiff and the Debts owed by the Class that was not expressly authorized by the agreement creating the debt or permitted by law.

      Defendant asserts in its Memo that the Plaintiff's complaint should be dismissed because: (1) Plaintiff "has not plead sufficient facts to plausibly state a claim"; (2) Plaintiff's allegation that the Defendant unlawfully threatened to add interest is a "bare legal conclusion" that is "without factual support" and is "not entitled to an assumption of truth; (3) "Plaintiff has not plead a *single* allegation describing the factual or legal basis for her assertion that the Defendant was not permitted to add interest to the debt; (4) Plaintiff's "only substantive allegation concerning the debt" are found in paragraphs 25, 26, and 27 of Plaintiff's complaint; and (5) Plaintiff's complaint "does not satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(1)" Memo at 1-2.

      Contrary to Defendant's assertions: (1) Plaintiff has alleged facts sufficient to plausibly state a claim in order to survive Defendant's motion to dismiss; (2) Plaintiff's allegation that the Defendant unlawfully threatened to add interest is not a bare legal conclusion without factual support and is entitled to an assumption of truth; (3) Plaintiff has plead numerous allegations describing the factual and legal basis for Plaintiff's assertion that the Defendant was not permitted to add interest to the Debt owed by the Plaintiff and the Debts owed by the Class; (4)

Plaintiff alleges substantive allegations concerning the debt in additional paragraphs of Plaintiff's complaint other than in only paragraphs 25, 26 and 27 of the complaint; and (5) Plaintiff's complaint satisfies the pleading requirements of Fed. R. Civ. P. 8.

## ARGUMENT

    A.    **The Applicable Standard Of Review For A Motion To Dismiss A Complaint Pursuant to Federal Rule Of Civil Procedure 12(b)(6) Requires That Defendant's Motion To Dismiss Be Denied When It Appears Plaintiff Has Alleged Enough Facts, Accepted As True, To State A Claim To Relief That Is Plausible On Its Face**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A rule 12(b)(6) motion allows a defendant to move for the dismissal of an action that fails to state a claim upon which relief can be granted. For purposes of Defendant's Motion, this Court may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference.

The United States Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, but a plaintiff's obligation to state the grounds of entitlement to relief requires "more that labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed 2d 929 (2007). A high degree of factual specificity is not required at the pleading stage. Id. at 569 n.14. The plaintiff must only allege enough facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual conduct allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly* 550 U.S. at 556). A complaint should only be dismissed if the plaintiff fails to "nudge his claim[s]… 'across the line form conceivable to plausible.'" Iqbal, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 570).

3

On a motion to dismiss, Courts must favorably construe the allegations contained in plaintiff's complaint and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). As is well-established, "[i]n reviewing a motion to dismiss, the Court must 'accept the well-pleaded facts as true, viewing factual allegations in the light most favorable to the plaintiff.'" *Western Reserve Life Assurance Co. of Ohio v. Conreal LLC*, 715 F. Supp. 2d 270, 275 (D.R.I. 2010) (*quoting Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 35 (1st Cir. 2009)). Factual allegations that raise a right to relief above the speculative level are sufficient to meet the general pleading requirements of Fed. R. Civ. P. 8. *Conreal LLC*, 715 F. Supp. 2d at 275 (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949 (2009); *Simmons v. Galvin*, 575 F.3d 24, 30 (1st Cir. 2009)).

The Federal Rules of Civil Procedure impose a notice-pleading requirement for complaints. Therefore, "[s]pecific facts are not necessary; the [plaintiff] need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (Q*uoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Detailed factual allegations are not required, however, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. The plausibility requirement is not equal to a probability standard, but it requires more than a mere possibility that the defendant has acted unlawfully. *Ashcroft v. Iqbal*, 128 S. Ct. 1937, 1949-50 (2009). Thus, plaintiff must articulate facts, when accepted as true, that demonstrate the plaintiff has stated a plausible claim to relief.

Rule 8 of the Federal Rules of Civil Procedure provides for a liberal pleading standard applicable to a complaint's allegations and requires that a complaint allege "a short and plain statement of the claim" showing that the pleader is entitled to relief." *Decotiis v. Whittmore*, 635 F. 3d 22, 29 ( 1st Cir. 2011) (*quoting Fed. R. Civ. P. 8(a)(2)*). In order to survive a motion to dismiss, a complaint's factual allegations must "raise a right to relief above the speculative level" in order that a Court can determine that it is plausible that relief may be granted. *Citibank Global Mkts., Inc. v. Rodriquez Santana*, 573 F.3d 17, 23 (1st Cir. 2009). While *Twombly* and *Iqbal* heightened the 12(b)(6) pleading standard, they "left intact the long-standing fundamentals of notice pleading." *See Sec. & Exch. Comm'n. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).[1]

Defendant's Motion requires this Court to determine whether the factual sufficiency of the allegations in Plaintiff's complaint state a claim upon which relief can be granted under the refined pleading standards articulated in the *Twombly* and *Iqbal* cases. This Court must find that Plaintiff's complaint sufficiently allege the elements of FDCPA claims and give Defendant fair and adequate notice of the nature of the claims.

Defendant's characterization and analysis of Plaintiff's claims is off-base. Defendant's arguments in its Motion exemplify a fundamental misunderstanding of the plausibility concept as illustrated in the Twombly and Iqbal cases, and therefore Defendant's Motion and its supporting arguments are fatally flawed. Plaintiff urges this Honorable Court to reject Defendant's arguments and deny Defendant's Motion in its entirety and allow Plaintiff's action to move forward with discovery.

---

[1] In *Cecil Brace v. Massachusetts*, 673 F. Supp. 2d 36, 42 (D. Mass. 2009), the court stated that "the heightened pleading standard first articulated in *Twombly* and then re-stated in *Iqbal* might not be as universal as Plaintiff's counsel seemed to contest at oral argument."

Plaintiff urges this Court to reject Defendant's arguments and deny Defendant's motion to dismiss in its entirety and allow this case to move forward with discovery.

**B. THE PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED BECAUSE THE PLAINTIFF HAS PLEAD SEVERAL ALLEGATIONS DESCRIBING THE FACTUAL AND LEGAL BASIS FOR PLAINTIFF'S ASSERTION THAT THE DEFENDANT WAS NOT PERMITTED TO ADD INTEREST TO THE DEBT**

Defendant argues in its Memo that "Plaintiff has not plead a *single* allegation describing the factual or legal basis for her assertion that the Defendant was not permitted to add interest to the debt." Memo at 2. However, in so stating, Defendant completely ignores that Plaintiff's Complaint asserts extensive factual and legal allegations supporting Plaintiff's claim that the Defendant was not permitted to add interest to the Debt owed by the Plaintiff and the Debts owed by the Class.

### I. Core Factual And Legal Allegations Of The Complaint

(1) "Plaintiff and each member of the Class is a 'consumer' as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA." Complaint ¶ 19.

(2) "Plaintiff incurred the Debt and members of the Class incurred the Debts as a result of telecommunication services that the Plaintiff and the Class purchased relating to consumer purchases primarily for family, personal or household purposes." Complaint ¶ 20. "Plaintiff incurred the Debt as a result of telecommunication services Plaintiff purchased primarily for family, personal or household purposes." Complaint ¶ 25.

(3) "Defendants are "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA." Complaint ¶ 21.

(4) "Defendants attempted to collect the Debt owed by the Plaintiff and the Debts owed by the class and as such engaged in "communications" as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA."  Complaint ¶ 22.

(5) "On or about May 5, 2013, Defendants mailed a dunning letter, dated May 5, 2013 to the Plaintiff seeking to recover the Debt.  (May 5, 2013 dunning letter attached as Exhibit "A")."  Complaint ¶ 26.

(6) "Defendants' dunning letter indicated that: "As of the date of this letter, you owe $ 810.13.  Because of interest that may vary from day to day, the amount due on the day you pay may be greater."  Complaint ¶ 27.

(7) "Defendants have acted and continue to act in the business of a debt collector in their attempts to regularly collect the Debt from the Plaintiff and the Debts from the Class."  Complaint ¶ 23.

(8) "Plaintiff alleges that Defendants are debt collectors who, through debt collection letters (hereafter also referred to as "dunning letters"), violated the FDCPA by attempting to collect defaulted consumer debt allegedly owed by the Plaintiff (hereafter also referred to as "Debt") and defaulted consumer debt allegedly owed by the Class (hereafter also referred to as "Debts") to AT&T Telecom (hereafter also referred to as "AT&T"), relating to consumer purchases for telecommunication services primarily for family, personal or household purposes."  Complaint ¶ 3.

(9) "Plaintiff alleges that the Defendants threatened to illegally add interest to the Debt owed by the Plaintiff and the Debts owed by the Class that was not expressly authorized by the agreement creating the debt or permitted by law."  Complaint ¶ 4.

(10) Plaintiff, on behalf of the Plaintiff and the Class, hereby incorporates by reference

all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein. Complaint ¶ 35. "Defendant's routine practice of threatening, through dunning letters, to illegally add interest to the Debt owed by the Plaintiff and the Debts owed by the Class violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10) of the FDCPA." Complaint ¶ 46.

(11) Plaintiff, on behalf of the Plaintiff and the Class, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein. Complaint ¶ 47. "Defendant's routine practice of threatening, through dunning letters, to illegally add interest to the Debt owed by the Plaintiff and the Debts owed by the Class violates 15 U.S.C. §§ 1629f and 1692f(1) of the FDCPA." Complaint ¶ 52.

## II. Plaintiff's Complaint Alleges That The Defendant Violated 15 U.S.C. § 1692e And 15 U.S.C. § 1692f Of The FDCPA[2]

In *Krasnor v. Spaulding Law Office*, 675 F. Supp. 2d 208, 211 (D. Mass. 2009) (citing *Som v. Daniels Law Offices, P.C.*, 573 F. Supp. 2d 349, 356 (D. Mass 2008), the court stated that for a plaintiff to prevail on a FDCPA claim, "a plaintiff must prove that (1) [she] was the object of collection activity arising from consumer debt, (2) the defendant is a debt collector within the meaning the statute, and (3) the defendant engaged in a prohibited act or omission under the FDCPA."

Plaintiff has alleged sufficient facts to state plausible claims for violations of sections 1692e and section 1682f of the FDCPA based on Defendant's dunning letters threatening to

---

[2] Unlike the recently decided case of *Coleman v. Northland Group*, 2014 U.S. Dist. LEXIS, 116883, *3-4 (E.D. Mo. Aug. 21, 2014), where the court held that the plaintiff's complaint did not satisfy Rule 12(b)(6) requirements because the complaint did not identify any specific section of the FDCPA which the plaintiff alleged the defendant violated leaving the defendant questioning which provisions of the FDCPA Plaintiff alleged the Defendant violated, the Plaintiff in the instant action has specifically alleged that the Defendant violated sections 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10) as well as 1692f and 1692f(1) of the FDCPA.

collect interest on the Debt owed by the Plaintiff and the Debts owed by the Class. Plaintiff has alleged sufficient facts to show that: (1) Plaintiff and the Class were objects of collection activity arising from consumer debt which Plaintiff sufficiently identified telecommunications debt as being the source of the underlying debt; (2) that the Defendant is a debt collector pursuant to the definition of a debt collector under the FDCPA; and (3) Defendant engaged in prohibited acts or omissions under the FDCPA to plausibly state claims for violations of sections 1692e and 1693f of the FDCPA based upon Defendant's dunning letters threatening to collect interest on the debt.

### a. 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), And 1692e(10)

A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt". Plaintiff's complaint contained the specific factual allegation that the threat to add interest "was not expressly authorized by the agreement creating the debt or permitted by law." Complaint ¶ 4. Therefore, Defendant's dunning letter falsely attempted to collect interest on Plaintiff's debt.

A threadbare recital of the elements of a cause of action and a bare legal conclusion under this section would read something like this: "Defendant's attempt to collect interest on Plaintiff's debt was a false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's Debt". Plaintiff has alleged more than such a threadbare recital of the elements of a cause of action pursuant to 15 U.S.C. § 1692e of the FDCPA since the Plaintiff has alleged that the agreement creating the debt does not expressly authorize the addition of interest and that the addition of interest is not permitted by law.

### b. 15 U.S.C. §§ 1692f And 1692f(1)

A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt". Plaintiff's complaint contained the specific factual allegation that the threat to add interest "was not expressly authorized by the agreement creating the debt or permitted by law." Complaint ¶ 4. Therefore, Defendant's dunning letter falsely attempted to collect interest on Plaintiff's debt.

A threadbare recital of the elements of a cause of action and a bare legal conclusion under this section would read something like this: "Defendant's attempt to collect interest on Plaintiff's debt was an unfair or unconscionable means to collect or attempt to collect any debt. Plaintiff has alleged more than such a threadbare recital of the elements of a cause of action pursuant to 15 U.S.C. § 1692f of the FDCPA, since the Plaintiff has alleged that the agreement creating the debt does not expressly authorize the addition of interest and that the addition of interest is not permitted by law.

### c. 15 U.S.C. §§ 1692f(1)

A debt collector violates 15 U.S.C. § 1692f(1) of the FDCPA if the debt collector engages in "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Plaintiff's complaint contained the specific factual allegation that the threat to add interest "was not expressly authorized by the agreement creating the debt or permitted by law." Complaint ¶ 4. Therefore, Defendant's dunning letter falsely attempted to collect interest on Plaintiff's debt.[3]

---

[3] In *Chulsky v. Hudson Law Offices*, 777 F. Supp. 2d 823, 832 (D.N.J. 2011), the court stated that "if the agreement does not expressly authorize or state law does not permit the *amounts sought*, Plaintiff has stated a viable claim under § 1692f(1)."

Although at first blush Plaintiff's allegations with respect to this section would appear to be a threadbare recital of the elements of a cause of action and a bare legal conclusion, however since Plaintiff has alleged that the Defendant "threatened to illegally add interest to the Debt owed by the Plaintiff and the Debts owed by the Class that was not expressly authorized by the agreement creating the debt or permitted by law", that is all that is required under this section. Plaintiff has alleged more than such a threadbare recital of the elements of a cause of action and a bare legal conclusion pursuant to 15 U.S.C. § 1692f(1) of the FDCPA, since the Plaintiff has alleged that the agreement creating the debt does not expressly authorize the addition of interest and that the addition of interest is not permitted by law. Since the Plaintiff has plead that the agreement and the law does not allow the addition of interest to the Debt owed by the Plaintiff and the Debts owed by the Class, no further specific factual allegations can be alleged about something that does not allow for the addition of interest and as such no further specific factual allegations need be alleged in order to defeat Defendant's Motion. Plaintiff's allegations satisfy the standard required under Fed R. Civ. P. 8(a)(2) that requires a plaintiff to plead a short and plain statement of the claim showing entitlement to relief.

Plaintiff's allegations adequately frame the dispute and adequately give the Defendant sufficient notice of the claims upon which relief is sought. Plaintiff's allegations that the agreement does not allow and the law does not allow the addition of interest are not conclusory allegations as Defendant argues, but rather factual allegations. If the Plaintiff had plead, for example, that the Defendant added interest in excess of what the agreement allowed, then the Plaintiff would have to plead further facts as to what the underlying agreement affirmatively allowed and stated with respect to the addition of interest. Plaintiff has stated what Defendant did and specifically what actions Defendant took that were deceptive.

In *Simon v. FIA Card Services, N.A.*, 732 F.3d 259, 269-70 (3rd Cir. 2013) (citing *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011)), the court stated that "the only inquiry under § 1692f(1) is whether the amount collected was expressly authorized by the agreement creating the debt or permitted by law." "Whether the collection of a debt violates §1692f(1) depends solely on two factors: (1) whether the debt agreement explicitly authorizes the charge; or (2) whether the charge is permitted by law." *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 996 (7th Cir. 2003)   The threat of charging interest in the instant case can only be allowed if the charging of interest is expressly authorized by the agreement creating the debt or permitted by law.  As the Complaint alleges, the agreement does not provide for the charging of interest and is not permitted by law.

Plaintiff's allegations in the Complaint speak to the amount sought in Defendant's debt collection letter, and therefore Plaintiff states a claim under 15 U.S.C. §1692f(1).  *See, Barrows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 358 (D.N.J. 2006) ("construing the allegations in Plaintiff's Complaint as true, Plaintiff has stated a claim that the Hubschman Defendants attempted to collect attorneys' fees and costs not permitted by law in violation of the FDCPA"). Plaintiff has adequately alleged that the "amount", in the form of interest, the Defendant threatened to collect was not authorized by Plaintiff's agreement with the original creditor that created the debt.  Additionally, the Plaintiff sufficiently identified the character of the alleged threatened impermissible charge as being an "interest" charge.  Plaintiff has alleged sufficient facts to set forth a plausible claim under 15 U.S.C. 1692f(1).

>    III.    **Defendant's Motion Should Be Denied Since The Plaintiff Has Not Merely Plead "Bare Legal Conclusions" But Rather Has Plead Sufficient Facts To State A Plausible Claim For Violations Of The FDCPA**

### a. <u>Conclusory Allegations Versus Factual Allegations</u>

In the case before this Honorable Court, the Plaintiff has not merely plead conclusory allegations with no factual allegations, for example, by only pleading something to the effect that the Defendant engaged in false, deceptive, misleading actions by threatening to illegally add interest to the Debt.[4]  If the Plaintiff in the instant case merely plead that the Defendant engaged in false, deceptive, misleading actions by threatening to illegally add interest to the Debt and did not so plead that the addition of interest **"was not expressly authorized by the agreement creating the debt or permitted by law"**, then the pleading would merely be conclusory with no factual allegations.  Complaint ¶ 4 (emphasis added).

The Plaintiff in the instant case specially plead that the Defendant engaged in false, deceptive, and misleading actions in that **"the Defendants threatened to illegally add interest to the Debt owed by the Plaintiff and the Debts owed by the Class that was not expressly authorized by the agreement creating the debt or permitted by law**."  Complaint ¶ 4 (emphasis added).

Plaintiff in the instant case has plead specific factual allegations, unlike a case where, for instance, a plaintiff alleges in conclusory fashion that a defendant has made harassing phone calls without any factual allegations as to the when, where and what was said in the calls.  In the instant case, the Plaintiff specifically alleged that a dunning letter was sent threatening the

---

[4] In the case of *Knowell-Jones v. Belini, 2014 U.S. Dist. LEXIS 105371*, *3-4 (N.D. Ca. Jul. 30, 2014, the court stated "The difference between a conclusory allegation and a factual allegation can best be understood by some examples.  For example, 'Smith drove negligently' is a conclusory allegation and 'Smith drove through an intersection without stopping at the stop sign' is a factual allegation." *Id.*  In the *Knowell-Jones* example, the Plaintiff did not state what acts the defendant took that made the acts negligent and therefore only conclusory allegations were alleged with no factual allegations.

13

addition of interest where the underlying agreement and the law did not allow for the addition of interest.

At this stage of the proceedings, this Court must accept as true all well-pleaded facts contained in Plaintiff's complaint, and it must construe all reasonable inferences in favor of the Plaintiff.[5]  The factual and legal allegations asserted in Plaintiff's complaint are far beyond mere "labels and conclusions" and, which if accepted as true, state a plausible claim for relief, and Defendant's Motion should be denied.  If the Defendant's interpretation of the standard for pleading a cause of action under the FDCPA is to be applied, it would preclude any case from surviving a motion to dismiss.

Defendant's Motion asserts that the Plaintiff's complaint "has not plead sufficient facts to plausibly state a claim", and that Plaintiff's assertion that the Defendant was not permitted to add interest to the debt is a "bare legal conclusion" that is "without factual support".  Memo at 2.  Contrary to the Defendant's assertions, the Plaintiff's complaint sufficiently alleges the factual and legal basis for Plaintiff's assertions that the Defendant was not permitted to add interest to the Debt owed by the Plaintiff and the Debts owed by the Class.

The Plaintiff has alleged that the Defendant attempted to collect from the Plaintiff defaulted consumer debt relating to consumer purchases for telecommunication services primarily for family, personal or household purposes.  Plaintiff's complaint specifically alleges that the Defendant **"threatened to illegally add interest to the Debt owed by the Plaintiff and the Debts owed by the Class that was not expressly authorized by the agreement creating the debt or permitted by law."**  Complaint at ¶4 (emphasis added).

---

[5] In *Koller v. Bay Acquisitions, LLC,* 2012 U.S. Dist LEXIS 49712, *18 (N.D. CA. April 9, 2012), the court stated that "Whether the debt Defendants attempted to collect from Plaintiff was authorized by the agreement … is a question of fact and cannot be resolved on a motion to dismiss."

The Plaintiff's complaint alleges that the Defendant violated the FDCPA insofar as: (1) Defendant's dunning letters "threatened to illegally add interest to the Debt owed by the Plaintiff and the Debts owed by the Class"; (2) the addition of interest to the Debt owed by the Plaintiff and the Debts owed by the Class "was not expressly authorized by the agreement creating the debt"; and, (3) the addition of interest to the Debt owed by the Plaintiff and the Debts owed by the Class was "not permitted by law."

Further, the Plaintiff's complaint has repeated, realleged and incorporated by reference the factual allegations in each claim against the Defendant. Complaint at ¶¶ 35 and 47. Plaintiff has adequately alleged that the Defendant engaged in abusive, deceptive and unfair debt collection practices by threatening, in Defendant's dunning letters, to "illegally add interest" to the Debt owed by the Plaintiff and the Debts owed by the Class, based on Plaintiff's specific factual allegation that the agreement creating the Debt owed by the Plaintiff and the Debts owed by the Class did not expressly authorize the addition of any interest.

Further, Plaintiff has adequately alleged that the Defendant engaged in abusive, deceptive and unfair debt collection practices by threatening, in Defendant's dunning letters, to "illegally add interest" to the Debt owed by the Plaintiff and the Debts owed by the Class based on Plaintiff's specific factual allegation that the addition of interest is not permitted by law. Therefore, the Plaintiff has adequately alleged that the Defendant engaged in abusive, deceptive and unfair debt collection practices in their debt collection activities with sufficient factual support to support substantive legal conclusions that are far from bare legal conclusions.

      **b.**      **Plaintiff's Allegations Sufficiently Raise The Right To Relief From The "Speculative" Or The "Conceivable" To The "Plausible"**

Defendant asserts that "a plaintiff must allege facts in support of 'each material element

15

necessary to sustain recovery under some actionable legal theory.'" *Campagna v. Mass. Department of Environmental Protection*, 334 F. 3d 150, 155 (1st Cir. 2003). In *A.G. v. Elsevier, Inc.*, 732 F.3d 77 (1st Cir. 2013), the Court stated that "In all events, there is a larger picture: it is neither necessary nor desirable to balkanize the plausibility standard element by element. To pass through the plausibility screen, a complaint does not have to evince a 'one-to-one relationship between any single allegation and a necessary element of the cause of action.' *Rodríguez-Reyes*, 711 F.3d at 55. Rather, the plausibility standard should be applied to the claim as a whole. *See id.* The critical question is whether the claim, viewed holistically, is made plausible by 'the cumulative effect of the factual allegations' contained in the complaint. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 14 (1st Cir. 2011). This holistic approach is compatible with Rule 8(a)(2), which is the font from which the plausibility standard springs. That rule speaks only in terms of 'the claim,' making no particular distinction among elements.

In *Carrero-Ojeda v. Autoridad De Energia Electrica*, the Court stated "a complaint need not 'plead facts sufficient to establish a <u>prima facie</u> case,' *Rodríguez-Reyes*, 711 F.3d at 54 (alteration added), or 'allege every fact necessary to win at trial,' *Rodríguez-Vives v. P.R. Firefighters Corps of P.R..*, 743 F.3d 278, 283 (1st Cir. 2014), to make out a plausible claim. See also *Swierkiewicz v. Sorema*, 534 U.S. 506, 515, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). 'The prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer in a complaint.' *Rodríguez-Reyes*, 711 F.3d at 54 (alteration added). That said, the elements of a <u>prima face</u> case remain relevant to our plausibility assessment, as '[t]hose elements are part of the background against which a plausibility determination should be made.' *Id*. Though '[t]here need not be a one-to-one relationship between any single allegation and a necessary element of the cause of action,'

16

reference to the prima facie elements can help a court determine whether the 'cumulative effect of the complaint's factual allegations' is a plausible claim for relief." *Id.* at 55 (brackets omitted) (internal quotation marks omitted).

Plaintiff's claims cross the plausibility threshold and therefore survive Defendant's Motion. In *Morales-Cruz v. Univ of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012), the Court indicated that the plausibility analysis "implicates a two-step pavane." "First, 'the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).* "Second, the court must determine whether the factual content permits 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010).*

## IV. Plaintiff's Complaint Contains Factual Allegations "Showing" That The Plaintiff Has Met The Pleading Requirements of Fed. R. Civ. P. 8

Plaintiff's complaint specifically identifies how the dunning letter violates the FDCPA, by threatening to add interest to the Debt owed by the Plaintiff and the Debts owed by the Class, by pleading the factual allegation that the letter contains the statement "As of the date of this letter, you owe $ 810.13. Because of interest that may vary from day to day the amount due on the day you pay maybe greater." Complaint ¶ 27.

Plaintiff's complaint sets out a specific factual allegation regarding how the threat of adding interest in the dunning letter is false, misleading or deceptive. Plaintiff's specific factual allegation is that the Defendant "threatened to illegally add interest to the Debt owed by the Plaintiff and the Debts owed by the Class that was not expressly authorized by the agreement

creating the debt or permitted by law." Complaint at ¶4. Plaintiff specifically alleges that such conduct constitutes actions that are prohibited by sections 1692e and 1692f of the FDCPA.

A bare legal conclusion would only state the letter threatened to add interest without alleging that the addition of interest is illegal because the agreement creating the telecommunications debt does not expressly authorize the addition of interest and the addition of interest is not permitted by law.

### V. Defendant Has Not Argued That The Threatened Addition Of Interest Was Expressly Authorized By The Agreement Creating The Debt Owed By The Plaintiff And The Debts Owed By the Class Or That It Was Permitted By Law

Defendant has not argued that the interest charged was "expressly" set forth in the applicable telecommunications agreement, nor does the Defendant argue that Plaintiff consented to the interest or was aware that the interest charges would be implemented pursuant to the agreement. What Defendant has failed to address and which is glaringly absent from the Defendant's affirmations, is that Defendant does not quarrel with Plaintiff's factual allegations that the underlying agreement does not provide for interest and that no law provides for interest. If any of Plaintiff's factual allegations were suspect, Defendant surely would have raised them in its Memo. Nowhere does Defendant point to any contract language in the underlying agreement which purportedly gives the Defendant the legal right to threaten to charge interest on the Debt owed by the Plaintiff or the Debts owed by the Class. Also, nowhere does Plaintiff point to any law that allows the Defendant to charge interest.

### VI. Conclusion

Defendant repeatedly mischaracterizes the allegations in the Plaintiff's complaint as lacking factual and legal support and as "legal conclusions". To the contrary, Plaintiff has

sufficiently alleged the factual and legal basis for Plaintiff's claim that the Defendant was not permitted to add interest to the Debt owed by the Plaintiff and the Debts owed by the Class. Thus, Defendant has received fair notice of Plaintiff's claims and the claims factual underpinnings. Defendant's Motion should be denied in its entirety.

Dated: August 27, 2014

/s/ Peter N. Wasylyk
Peter N. Wasylyk (RI Bar No. 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, RI 02908
Tel: 401-831-7730
Fax: 401-861-6064
E-mail:pnwlaw@aol.com

John T. Longo, Esq. (RI Bar #4928)
Citadel Consumer Litigation, P.C.
996 Smith Street
Providence, RI 02908
Tel: 401-383-7550
Fax: 401-537-9185
E-mail: jtlongo@citadelpc.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 27, 2014, I electronically filed Plaintiff's Opposition to Defendant LVNV FUNDING LLC'S Motion to Dismiss Plaintiff's Class Action Complaint Pursuant To Fed. R. Civ. P. 12(b)(6).  Notice of this filing will be sent by e-mail to all Attorneys of Record by operation of the Court's Electronic Filing as indicated on the Notice of Electronic Filing.  This document is available for viewing and downloading from the Court's Electronic Case Filing System.

                                        /s/ Peter N. Wasylyk_____
                                        Peter N. Wasylyk (R.I. Bar No. 3351)
                                        LAW OFFICES OF PETER N. WASYLYK
                                        1307 Chalkstone Avenue
                                        Providence, RI 02908
                                        Tel: (401) 831-7730
                                        Fax: (401) 861-6064
                                        E-Mail: pnwlaw@aol.com